Keith Klein (SBN 184846)
*keith.klein@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

Matthew G. Minder (*Pro Hac Vice* forthcoming)
*matt.minder@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
211 North Broadway, Suite 3600
St. Louis, MO 63102-2726
Telephone:   (314) 259-2000
Facsimile:    (314) 259-2020

Arevik Sargsyan (SBN 345823)
*arevik.sargsyan@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Plaintiff A Long Story Short, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A LONG STORY SHORT, LLC<br><br>                Plaintiff,<br><br>        v.<br><br>NFP CORP.<br><br>                Defendant. | Case No. 2:23-cv-6193<br><br>**COMPLAINT FOR:**<br>1. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**<br>2. **COMMON LAW TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW**<br>3. **UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200 *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, A LONG STORY SHORT, LLC d/b/a Ground Control (A Long Story Short, LLC, together with its predecessors-in-interest and affiliates, hereinafter "Plaintiff"), for its Complaint against Defendant NFP CORP., ("Defendant"), respectfully states as follows:

## NATURE OF THE SUIT

1. This is an action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under California State common law, and unfair competition under California State statutory law. Plaintiff seeks an injunction prohibiting Defendant from using in commerce Plaintiff's GROUND CONTROL™ Mark (as defined below). In addition, Plaintiff seeks compensatory damages, treble damages, Defendant's profits from the violations alleged, and Plaintiff's costs and attorneys' fees incurred in bringing this action.

## THE PARTIES

2. Plaintiff is a California limited liability company with a principal place of business at 925 N. La Brea Avenue, 4th Floor, Los Angeles, CA 90038.

3. Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 340 Madison Avenue, 20th Floor, New York, NY 10173 and may be served with process on its Registered Agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. 1121, and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

5. This is an action for trademark infringement, unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and violations of California statutory and common law, including provisions of the California Business and Professions Code and California common law trademark infringement.

6. Defendant is subject to personal jurisdiction in California due at least to maintaining a place of business in this state, as well as its substantial ongoing business activities in this state and Judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in California and this Judicial District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendant does business, may be found, and is subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Trademark Rights

8. Plaintiff is the owner of all right, title, and interest in and to the trademark or service mark GROUND CONTROL$^{TM}$ and variations thereof (the "GROUND CONTROL$^{TM}$ Mark") for use in connection with a range of financial and accounting services. Under its GROUND CONTROL$^{TM}$ Mark, Plaintiff provides, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

9. Plaintiff markets and provides its services under the GROUND CONTROL$^{TM}$ Mark to a wide range of businesses and professionals, in the Los Angeles area and across the United States.

10. Plaintiff has consistently and continuously used the GROUND CONTROL$^{TM}$ Mark in connection with its services rendered in California since at least as early as September 3, 2017.

11. Plaintiff has consistently and continuously used the GROUND CONTROL™ Mark in connection with its services rendered in interstate commerce since at least as early as February 20, 2020.

12. Plaintiff is the owner of U.S. Trademark Application No. 98002803 for its GROUND CONTROL™ Mark, for use in connection with "Accounting services; bookkeeping services; accounts receivable billing services, invoicing services, accounts payable services, and payroll services; tax preparation services; business valuation services; business strategy and consulting services, namely, the design and implementation of systems, templates and automations to streamline business workflows; business strategy and consulting services, namely, financial forecasting, analysis and planning; business strategy and consulting services, namely, growth strategy; tax filing services" in Class 35, "Financial planning and analysis, namely, creation, maintenance and analysis of key performance indicator (KPI) dashboards, cash flow forecasts, and creation and maintenance of spreadsheets for tracking financial information; debt advisory services" in Class 36, and "Non-downloadable digital publications, namely, newsletters and blogs; educational services, namely, conducting online workshops in the fields of accounting, tax, bookkeeping, finance, general business strategy, and entrepreneurship; entertainment services, namely, providing podcasts in the fields of accounting, tax, bookkeeping, finance, general business strategy, and entrepreneurship; educational services, namely, conducting online and offline classes, courses, webinars, seminars, conferences, social entertainment events, bootcamps, and workshops in the fields of accounting, tax, bookkeeping, finance, general business strategy, and entrepreneurship" in Class 41.

13. Plaintiff has invested substantial resources building a strong reputation, goodwill, and loyal consumer following in connection with its valuable GROUND CONTROL™ Mark. By virtue of such use in intrastate commerce since at least as early as 2017 and in U.S. commerce since at least as early as 2020, Plaintiff has

developed substantial goodwill and common law rights in and to the GROUND CONTROL™ Mark.

14. Plaintiff is based in the Los Angeles area, and serves clients in various states across the United States and abroad.

15. Plaintiff is the indisputable senior user of the GROUND CONTROL™ Mark and has a significant and established priority over any rights that Defendant may allege in or to GROUND CONTROL and/or confusingly similar variations thereof.

16. Plaintiff has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising, and building consumer recognition and goodwill in the valuable and well-known GROUND CONTROL™ Mark, including in this Judicial District.

17. As a result of Plaintiff's continuous and substantially exclusive use of the GROUND CONTROL™ Mark in connection with financial and accounting services, the relevant consumers have come to strongly associate Plaintiff as the source or origin of the GROUND CONTROL™ Mark and the services offered in connection therewith. The GROUND CONTROL™ Mark is valuable and has developed a substantial amount of goodwill.

**Defendant's Infringement of the GROUND CONTROL™ Mark**

18. On information and belief, on or about April 7, 2022, Defendant NFP Corp. filed with the USPTO U.S. Trademark Application No. 97351527 for the alleged mark GROUND CONTROL ("Defendant's Application") for use in connection with "Tax advisory and business management services for entertainment industry executives, entertainers, real estate developers, professional athletes, and other professionals; accounting services; tax preparation and filing strategy services" in Class 35 and "Financial advisory services; bill payment services; financial advisory services relating to insurance, benefits, retirement, and wealth management" in Class 36.

19. Defendant's Application was based on NFP Corp.'s intent to use the applied-for mark in U.S. commerce.

20. Plaintiff sent NFP Corp. a letter on May 25, 2023, formally putting it on notice that its use of Plaintiff's GROUND CONTROL™ Mark in connection with the provision of accounting, bookkeeping, and financial planning and advisory services in competition with Plaintiff would and/or does infringe upon Plaintiff's trademark rights. *See* Exhibit A.

21. As such, Defendant has had actual notice of Plaintiff's rights in, to, and under the GROUND CONTROL™ Mark since at least May 25, 2023, the date of Plaintiff's first cease and desist letter.

22. On information and belief, Defendant adopted and began using the name or mark GROUND CONTROL in commerce in or about September 2022.

23. On information and belief, Defendant currently advertises, offers, and/or provides, *inter alia*, accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services, all under and in connection with the name or mark GROUND CONTROL and/or GROUND CONTROL BUSINESS MANAGEMENT.

24. On information and belief, Defendant provides its services, *inter alia*, via a location at 2049 Century Park E, Ste. 1400, Los Angeles, CA 90067.

25. Defendant owns and/or operates the website at https://gcbm.com, where it advertises, markets and offers its services under the name or mark GROUND CONTROL.

26. Defendant's accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services are in direct competition with, and/or are identical or highly related to Plaintiff's accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial

reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

27. Such competing services are customarily offered through similar channels of trade, to similar classes of consumers, and under circumstances that are likely to cause confusion between Plaintiff and its GROUND CONTROL™ Mark, services and business, and Defendant's use of GROUND CONTROL, services and business.

28. Defendant's GROUND CONTROL name or mark is identical and/or highly similar to Plaintiff's GROUND CONTROL™ Mark in sight, sound, and commercial impression.

29. Defendant's GROUND CONTROL BUSINESS MANAGEMENT name or mark is identical and/or highly similar to Plaintiff's GROUND CONTROL™ Mark in sight, sound, and commercial impression.

30. The "BUSINESS MANAGEMENT" portion of Defendant's name or mark is merely descriptive or generic in connection with Defendant's business management services, and its addition fails to distinguish Plaintiff's GROUND CONTROL™ Mark.

31. Defendant's use of GROUND CONTROL and variations thereof in connection with its above-referenced accounting and financial services has confused and misled consumers, and is likely to continue confusing and misleading consumers into believing that the services offered by the Defendant are approved, provided, endorsed, or sponsored by Plaintiff, which they are not.

32. Plaintiff has encountered instances of actual confusion with Defendant in the marketplace.

33. Defendant has no association, affiliation, sponsorship, or any other connection with Plaintiff.

34. Defendant's use of GROUND CONTROL and variations thereof has caused and is likely to continue to cause consumers and/or the relevant public to be confused into believing that Plaintiff (a) is itself offering the services and/or goods being advertised, marketed, promoted, offered, and provided by Defendant; (b) is affiliated, connected, or otherwise associated with Defendant and/or Defendant's advertising, marketing, promotion, offer, and/or provision of services and/or goods; and/or (c) is sponsoring, endorsing, administering, supervising, or is otherwise connected with the Defendant and/or Defendant's advertising, marketing, promotion, offer, and/or provision of services and/or goods.

35. Defendant will continue to use, cause confusion, and wrongfully benefit and gain from its infringing use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar variations thereof unless enjoined by this Court.

36. By virtue of Plaintiff's cease and desist letter, Defendant had actual knowledge of Plaintiff's rights in, to, and under the GROUND CONTROL™ Mark since at least Plaintiff's first notice to Defendant on May 25, 2023. Nevertheless, Defendant elected to intentionally and willfully continue providing its services under the infringing GROUND CONTROL and GROUND CONTROL BUSINESS MANAGEMENT names, wrongfully causing confusion and profiting from Plaintiff's goodwill in and to its highly valuable and well known mark and name.

## COUNT I

**(Federal Unfair Competition and False Designation of Origin – 15 U.S.C. §1125(a))**

37. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-36.

38. Plaintiff is the exclusive owner of all right, title, and interest in and to the GROUND CONTROL™ Mark in connection with, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services;

strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

39. Plaintiff is the indisputable senior user of the GROUND CONTROL™ Mark and used the GROUND CONTROL™ Mark and/or variations thereof in intrastate commerce since at least as early as 2017, and in U.S. commerce since at least as early as 2020, long prior to any use of GROUND CONTROL by Defendant.

40. Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with its sale, offering for sale, distribution, or advertising of its accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services is likely to cause confusion, or to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff and/or its GROUND CONTROL™ Mark.

41. Defendant's use of GROUND CONTROL and variations thereof as described herein is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

42. Defendant has thus committed and is continuing to commit acts of trademark infringement, unfair competition and/or false designation of origin in interstate commerce in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

43. Defendant's acts of trademark infringement, unfair competition and/or false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing

further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and established GROUND CONTROL™ Mark, unless enjoined and restrained by this Court.

44. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's GROUND CONTROL™ Mark and/or any confusingly similar variations thereof.

45. Defendant's trademark infringement, unfair competition and/or false designation of origin are and were knowing and willful, and Plaintiff is entitled to recover damages, including treble damages and reasonable attorneys' fees.

46. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT II

### (Common Law Trademark Infringement under California Law)

47. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-46.

48. Plaintiff is the exclusive owner of all right, title, and interest in and to the GROUND CONTROL™ Mark in connection with, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

49. Plaintiff is the indisputable senior user of the GROUND CONTROL™ Mark and used the GROUND CONTROL™ Mark and/or variations thereof in intrastate commerce since at least as early as 2017, and in U.S. commerce since at least as early as 2020, long prior to any use of GROUND CONTROL by Defendant.

50. Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar

1 reproductions, counterfeits, copies, or colorable imitations thereof, on or in
2 connection with its sale, offering for sale, distribution, or advertising of its
3 accounting and bookkeeping services; payroll administration; financial reporting,
4 forecasting, budgeting and analysis; tax services; strategic planning; and business
5 management services is likely to cause confusion, or to cause mistake, or to deceive
6 consumers and the relevant public into falsely believing that Defendant is affiliated,
7 connected, or associated with Plaintiff and/or the GROUND CONTROL™ Mark.

8    51.   Defendant's use of the Ground Control Business Management Mark as
9 described herein is likely to cause confusion, or to cause mistake, or to deceive as to
10 the affiliation, connection, or association of Defendant with Plaintiff, or as to the
11 origin, sponsorship, or approval of Defendant's goods, services, or commercial
12 activities by Plaintiff.

13   52.   Defendant has thus committed and is continuing to commit acts of
14 trademark infringement in violation of, *inter alia*, California common law.

15   53.   Defendant's acts of infringement have caused and will continue to
16 cause damage and irreparable harm to Plaintiff, and are likely to continue unabated,
17 thereby causing further damage and irreparable harm to Plaintiff and to the valuable
18 goodwill symbolized by and associated with Plaintiff's distinctive and established
19 GROUND CONTROL™ Mark, unless enjoined and restrained by this Court.

20   54.   Plaintiff has no adequate remedy at law and will suffer irreparable
21 injury if Defendant is allowed to continue to wrongfully use Plaintiff's GROUND
22 CONTROL™ Mark and/or any confusingly similar variations thereof.

23   55.   As a result of Defendant's activities, Plaintiff has been damaged in an
24 amount to be ascertained at trial.

## COUNT III
**(Unfair Competition under Cal. Bus. & Prof. Code §17200 *et seq.*)**

27   56.   Plaintiff repeats and incorporates by reference the allegations set forth
28 in Paragraphs 1-55.

57. Plaintiff is the exclusive owner of all right, title, and interest in and to the GROUND CONTROL™ Mark in connection with, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

58. Plaintiff is the indisputable senior user of the GROUND CONTROL™ Mark and used the GROUND CONTROL™ Mark and/or variations thereof in commerce since at least as early as 2020, long prior to any use of GROUND CONTROL by Defendant.

59. Plaintiff has continuously used its GROUND CONTROL™ Mark since at least as early as 2017.

60. Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with its sale, offering for sale, distribution, or advertising of its accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services is likely to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff and/or the GROUND CONTROL™ Mark.

61. The acts of Defendant as described above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

62. Defendant's acts of unfair competition have caused and will continue to cause Plaintiff to suffer injury in fact, to lose money or property, and to suffer irreparable harm, and such acts are likely to continue unabated, thereby causing further injury, loss, and irreparable harm to Plaintiff and to the valuable goodwill

1 symbolized by and associated with Plaintiff's distinctive and established GROUND
2 CONTROL™ Mark, unless enjoined and restrained by this Court.

3     63.    Plaintiff has no adequate remedy at law and will suffer irreparable
4 injury if Defendant is allowed to continue to wrongfully use Plaintiff's GROUND
5 CONTROL™ Mark and/or any confusingly similar variations thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, A LONG STORY SHORT, LLC, respectfully requests that this Court enter judgment against Defendant, NFP CORP., as follows:

A. That this Court enter a judgment finding that Defendant has infringed Plaintiff's GROUND CONTROL™ Mark;

B. That this Court enter a judgment finding that Defendant has willfully infringed Plaintiff's GROUND CONTROL™ Mark;

C. That this Court enter a judgment finding that Defendant has committed unfair competition by willfully using Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar variations thereof;

D. That this Court preliminarily and permanently enjoin Defendant and its officers, directors, agents, servants, employees, and any and all persons in concert or privity with any of them, from using GROUND CONTROL and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, color, or colorable imitation of such marks, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, distribution, or sale of Defendant's goods or services; from otherwise infringing Plaintiff's GROUND CONTROL™ Mark; and from otherwise competing unfairly with Plaintiff;

E. That this Court order Defendant to destroy and/or obliterate any and all signs, brochures, advertisements, stationery, leaflets, labels, and other items in its possession, custody, or control, upon which appear or reflect

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4078

the GROUND CONTROL name or mark, and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's GROUND CONTROL™ Mark;

F. That this Court order Defendant to pay to Plaintiff such damages as Plaintiff has actually sustained:

    a. in consequence of Defendant's infringement of and upon Plaintiff's GROUND CONTROL™ Mark;

    b. in consequence of Defendant's false designation of origin;

    c. in consequence of Defendant's actions of unfair competition;

G. That this Court order Defendant to account for and pay to Plaintiff all profits realized by Defendant from its infringement of or upon Plaintiff's GROUND CONTROL™ Mark, its false designation of origin, and its acts of unfair competition;

H. That this Court order Defendant to cease further infringing the GROUND CONTROL™ Mark and damaging Plaintiff's goodwill;

I. That this Court find that the circumstances and actions of Defendant's conduct was willful and sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times the amount found as actual damages;

J. That this Court order Defendant to pay Plaintiff its costs and expenses incurred in and related to this action;

K. That this Court order Defendant to pay Plaintiff's attorneys' fees;

L. That this Court order Defendant to pay Plaintiff's prejudgment interest;

M. That this Court award Plaintiff exemplary and punitive damages under California law for Defendant's willful, intentional, and/or tortious acts; and

N. That this Court award such other and further relief as this Court deems

just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all issues in this action so triable by right pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 31, 2023          **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Keith Klein*
    Keith Klein
    Attorneys for Plaintiff
    A Long Story Short, LLC