Keith Klein (SBN 184846)
*keith.klein@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Matthew G. Minder (*Pro Hac Vice*)
*matt.minder@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
211 North Broadway, Suite 3600
St. Louis, MO 63102-2726
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Attorneys for Plaintiff A Long Story Short, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A LONG STORY SHORT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NFP CORP.; GROUND CONTROL BUSINESS MANAGEMENT; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-06193-MEMF-MAR <br><br> **SECOND AMENDED COMPLAINT FOR:** <br> **1. FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))** <br> **2. COMMON LAW TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW** <br> **3. UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200 *et seq.*)** <br><br> **JURY TRIAL DEMANDED** |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

Plaintiff, A LONG STORY SHORT, LLC d/b/a Ground Control (A Long Story Short, LLC, together with its predecessors-in-interest and affiliates, hereinafter "Plaintiff"), for its Second Amended Complaint against Defendants NFP CORP., GROUND CONTROL BUSINESS MANAGEMENT; and DOES 1-10 (each individually, "Defendant," and, collectively, "Defendants"), respectfully states as follows:

## NATURE OF THE SUIT

1.     This is an action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under California State common law, and unfair competition under California State statutory law. Plaintiff seeks an injunction prohibiting Defendants from using in commerce Plaintiff's GROUND CONTROL™ Mark (as defined below). In addition, Plaintiff seeks compensatory damages, treble damages, Defendants' profits from the violations alleged, and Plaintiff's costs and attorneys' fees incurred in bringing this action.

## THE PARTIES

2.     Plaintiff is a California limited liability company with a principal place of business at 925 N. La Brea Avenue, 4th Floor, Los Angeles, CA 90038.

3.     Upon information and belief, Defendant NFP Corp. is a Delaware corporation with a principal place of business at 340 Madison Avenue, 20th Floor, New York, NY 10173 and may be served with process on its Registered Agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

4.     Upon information and belief, Defendant Ground Control Business Management is a California corporation with a principal place of business at 2049 Century Park East, Suite 1400, Los Angeles, CA 90067 and may be served with process on its Registered Agent CT Corporation System, 330 N Brand Boulevard, Glendale, CA 91203.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

5.      Plaintiff is informed and believes, and, based thereon, alleges that the fictitiously named Defendants captioned above as DOES 1 through 10, inclusive, and each of them (hereinafter "DOE(S)") were in some manner responsible or are legally liable for the actions, damages, events, transactions, and circumstances alleged herein. The true names and capacities of such fictitiously named defendants, whether individual, corporate, associate, or otherwise are presently unknown to Plaintiff, and Plaintiff will amend this Second Amended Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained.  For convenience, each reference herein to a named Defendant or to Defendants shall also refer to the DOES and each of them.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. 1121, and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

7.      This is an action for trademark infringement, unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and violations of California statutory and common law, including provisions of the California Business and Professions Code and California common law trademark infringement.

8.      Defendant NFP Corp. is subject to personal jurisdiction in California due at least to maintaining a place of business in this state, as well as its substantial ongoing business activities in this state and Judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in California and this Judicial District.

9.      Defendant Ground Control Business Management ("GCBM") is subject to personal jurisdiction in California due at least to being incorporated in California and having its principal place of business in this Judicial District. On information and belief, GCBM is a wholly owned subsidiary of Defendant NFP

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

Corp.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendant does business, may be found, and is subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Trademark Rights

11.     Plaintiff is the owner of all right, title, and interest in and to the trademark or service mark GROUND CONTROL$^{TM}$ and variations thereof (the "GROUND CONTROL$^{TM}$ Mark") for use in connection with a range of financial and accounting services. Under its GROUND CONTROL$^{TM}$ Mark, Plaintiff provides, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

12.     Plaintiff markets and provides its services under the GROUND CONTROL$^{TM}$ Mark to a wide range of businesses and professionals, in the Los Angeles area and across the United States.

13.     Plaintiff has consistently and continuously used the GROUND CONTROL$^{TM}$ Mark in connection with its services rendered in California since at least as early as September 3, 2017.

14.     Plaintiff has consistently and continuously used the GROUND CONTROL$^{TM}$ Mark in connection with its services rendered in interstate commerce since at least as early as February 20, 2020.

15.     Plaintiff is the owner of U.S. Trademark Application No. 98002803 for its GROUND CONTROL$^{TM}$ Mark, for use in connection with "Accounting services; bookkeeping services; accounts receivable billing services, invoicing services,

accounts payable services, and payroll services; tax preparation services; business valuation services; business strategy and consulting services, namely, the design and implementation of systems, templates and automations to streamline business workflows; business strategy and consulting services, namely, financial forecasting, analysis and planning; business strategy and consulting services, namely, growth strategy; tax filing services" in Class 35, "Financial planning and analysis, namely, creation, maintenance and analysis of key performance indicator (KPI) dashboards, cash flow forecasts, and creation and maintenance of spreadsheets for tracking financial information; debt advisory services" in Class 36, and "Non-downloadable digital publications, namely, newsletters and blogs; educational services, namely, conducting online workshops in the fields of accounting, tax, bookkeeping, finance, general business strategy, and entrepreneurship; entertainment services, namely, providing podcasts in the fields of accounting, tax, bookkeeping, finance, general business strategy, and entrepreneurship; educational services, namely, conducting online and offline classes, courses, webinars, seminars, conferences, social entertainment events, bootcamps, and workshops in the fields of accounting, tax, bookkeeping, finance, general business strategy, and entrepreneurship" in Class 41.

16.    Plaintiff has invested substantial resources building a strong reputation, goodwill, and loyal consumer following in connection with its valuable GROUND CONTROL$^{TM}$ Mark. By virtue of such use in intrastate commerce since at least as early as 2017 and in U.S. commerce since at least as early as 2020, Plaintiff has developed substantial goodwill and common law rights in and to the GROUND CONTROL$^{TM}$ Mark.

17.    Plaintiff is based in the Los Angeles area, and serves clients in various states across the United States and abroad.

18.    Plaintiff is the indisputable senior user of the GROUND CONTROL$^{TM}$ Mark and has a significant and established priority over any rights that Defendant

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

1  may allege in or to GROUND CONTROL and/or confusingly similar variations

2  thereof.

3       19.    Plaintiff has expended, and continues to expend, a substantial amount

4  of resources, money, time and effort promoting, marketing, advertising, and

5  building consumer recognition and goodwill in the valuable and well-known

6  GROUND CONTROL$^{TM}$ Mark, including in this Judicial District.

7       20.    As a result of Plaintiff's continuous and substantially exclusive use of

8  the GROUND CONTROL$^{TM}$ Mark in connection with financial and accounting

9  services, the relevant consumers have come to strongly associate Plaintiff as the

10  source or origin of the GROUND CONTROL$^{TM}$ Mark and the services offered in

11  connection therewith. The GROUND CONTROL$^{TM}$ Mark is valuable and has

12  developed a substantial amount of goodwill among the relevant consumers.

13       **Defendants' Infringement of the GROUND CONTROL$^{TM}$ Mark**

14       21.    On information and belief, on or about April 7, 2022, Defendant NFP

15  Corp. filed with the USPTO U.S. Trademark Application No. 97351527 for the

16  alleged mark GROUND CONTROL ("NFP's Application") for use in connection

17  with "Tax advisory and business management services for entertainment industry

18  executives, entertainers, real estate developers, professional athletes, and other

19  professionals; accounting services; tax preparation and filing strategy services" in

20  Class 35 and "Financial advisory services; bill payment services; financial advisory

21  services relating to insurance, benefits, retirement, and wealth management" in

22  Class 36.

23       22.    NFP's Application was based on NFP Corp.'s intent to use the applied-

24  for mark in U.S. commerce.

25       23.    Plaintiff sent NFP Corp. a letter on May 25, 2023, formally putting it

26  on notice that its use of Plaintiff's GROUND CONTROL$^{TM}$ Mark in connection

27  with the provision of accounting, bookkeeping, and financial planning and advisory

28

services in competition with Plaintiff would and/or does infringe upon Plaintiff's trademark rights. *See* Exhibit A.

24.    As such, Defendants have had actual notice of Plaintiff's rights in, to, and under the GROUND CONTROL™ Mark since at least May 25, 2023, the date of Plaintiff's first cease and desist letter.

25.    On information and belief, Defendants and/or their agents, employees and/or contractors had actual knowledge of Plaintiff's rights in, to, and under the GROUND CONTROL™ Mark since long prior to Plaintiff's cease and desist letter.

26.    On information and belief, Defendants adopted and began using the name or mark GROUND CONTROL in commerce in or about September 2022.

27.    On information and belief, Defendants have expanded the scope of their use of GROUND CONTROL since September 2022 through, *inter alia*, the acquisition, merger, or other incorporation of multiple additional accounting and financial services businesses into the business Defendants operates under the name or mark GROUND CONTROL and/or GROUND CONTROL BUSINESS MANAGEMENT.

28.    On information and belief, Defendants expended over $250,000 in planning, launching and promoting their rebranding to GROUND CONTROL within the first year alone.

29.    On information and belief, Defendants currently advertise, offer, and/or provide, *inter alia*, accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services, all under and in connection with the name or mark GROUND CONTROL and/or GROUND CONTROL BUSINESS MANAGEMENT.

30.    On information and belief, Defendants provide their services, *inter alia*, via GCBM's headquarters, located at 2049 Century Park E, Ste. 1400, Los Angeles, CA 90067.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

31.     Defendants own and/or operate the website at https://gcbm.com, where they advertise, market and offer their services under the name or mark GROUND CONTROL.

32.     On information and belief, Defendants maintained a "Contact" page on the https://gcbm.com website from its launch until at least January 2023, after which Defendants removed such "Contact" page, for reasons as yet unknown.

33.     Defendants' accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services are in direct competition with, and/or are identical or highly related to Plaintiff's accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

34.     Such competing services are customarily offered through similar channels of trade, to similar classes of consumers, and under circumstances that are likely to cause confusion between Plaintiff and its GROUND CONTROL™ Mark, services and business, and Defendant's use of GROUND CONTROL, services and business.

35.     Defendants' GROUND CONTROL name or mark is identical and/or highly similar to Plaintiff's GROUND CONTROL™ Mark in sight, sound, and commercial impression.

36.     Defendants' GROUND CONTROL BUSINESS MANAGEMENT name or mark is identical and/or highly similar to Plaintiff's GROUND CONTROL™ Mark in sight, sound, and commercial impression.

37.     The "BUSINESS MANAGEMENT" portion of Defendants' name or mark is merely descriptive or generic in connection with Defendants' business

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

7

1   management services, and their addition fails to distinguish Plaintiff's GROUND

2   CONTROL<sup>TM</sup> Mark.

3       38.     Defendants' use of GROUND CONTROL and variations thereof in

4   connection with their above-referenced accounting and financial services has

5   confused and misled consumers, and is likely to continue confusing and misleading

6   consumers into (i) believing that the services offered by the Defendants are

7   approved, provided, endorsed, or sponsored by Plaintiff, and/or (ii) believing that

8   the services offered by Plaintiff are associated, connected, or otherwise affiliated

9   with Defendant, which they are not, and/or (iii) being diverted to Defendants'

10  website and away from Plaintiff's authentic website and/or services.

11      39.     Plaintiff has encountered instances of actual confusion with Defendants

12  in the marketplace, indicating, upon information and belief, the presence of forward

13  confusion, and/or reverse confusion, and/or initial interest confusion.

14      40.     Defendants have no association, affiliation, sponsorship, or any other

15  connection with Plaintiff.

16      41.     Plaintiff has no association, affiliation, sponsorship, or any other

17  connection with Defendants.

18      42.     Defendants' use of GROUND CONTROL and variations thereof has

19  caused and is likely to continue to cause consumers and/or the relevant public to be

20  confused into believing that Plaintiff (a) is itself offering the services and/or goods

21  being advertised, marketed, promoted, offered, and provided by Defendants; (b) is

22  affiliated, connected, or otherwise associated with Defendants and/or Defendants'

23  advertising, marketing, promotion, offer, and/or provision of services and/or goods;

24  and/or (c) is sponsoring, endorsing, administering, supervising, or is otherwise

25  connected with the Defendants and/or Defendants' advertising, marketing,

26  promotion, offer, and/or provision of services and/or goods.

27      43.     Defendants' use of GROUND CONTROL and variations thereof has

28  caused and is likely to continue to cause consumers and/or the relevant public to be

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

confused into believing that Defendants (a) are themselves offering the services and/or goods being advertised, marketed, promoted, offered, and provided by Plaintiff; (b) is affiliated, connected, or otherwise associated with Plaintiff and/or Plaintiff's advertising, marketing, promotion, offer, and/or provision of services and/or goods; and/or (c) is sponsoring, endorsing, administering, supervising, or is otherwise connected with Plaintiff and/or Plaintiff's advertising, marketing, promotion, offer, and/or provision of services and/or goods.

44.    Defendants will continue to use, cause confusion, and wrongfully benefit and gain from their infringing use of Plaintiff's GROUND CONTROL$^{TM}$ Mark and/or confusingly similar variations thereof unless enjoined by this Court.

45.    By virtue of Plaintiff's cease and desist letter, Defendants have actual knowledge of Plaintiff's rights in, to, and under the GROUND CONTROL$^{TM}$ Mark since at least Plaintiff's first notice to Defendant NFP Corp. on May 25, 2023. Nevertheless, Defendants elected to intentionally and willfully continue providing their services under the infringing GROUND CONTROL and GROUND CONTROL BUSINESS MANAGEMENT names, wrongfully causing confusion and profiting from Plaintiff's goodwill in and to its highly valuable and well known mark and name.

## COUNT I

## (Federal Unfair Competition and False Designation of Origin – 15 U.S.C. §1125(a))

46.    Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-45.

47.    Plaintiff is the exclusive owner of all right, title, and interest in and to the GROUND CONTROL$^{TM}$ Mark in connection with, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement

1  and systems development; and various publications and educational resources

2  related to the foregoing.

3       48.     Plaintiff is the indisputable senior user of the GROUND CONTROL™

4  Mark and used the GROUND CONTROL™ Mark and/or variations thereof in

5  intrastate commerce since at least as early as 2017, and in U.S. commerce since at

6  least as early as 2020, long prior to any use of GROUND CONTROL by

7  Defendants.

8       49.     Defendants' unlicensed, unconsented to, and otherwise unauthorized

9  use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar

10  reproductions, counterfeits, copies, or colorable imitations thereof, on or in

11  connection with their sale, offering for sale, distribution, or advertising of their

12  accounting and bookkeeping services; payroll administration; financial reporting,

13  forecasting, budgeting and analysis; tax services; strategic planning; and business

14  management services is likely to cause confusion, or to cause mistake, or to deceive

15  consumers and the relevant public into falsely believing that Defendants are

16  affiliated, connected, or associated with Plaintiff and/or its GROUND CONTROL™

17  Mark.

18       50.     Defendants' unlicensed, unconsented to, and otherwise unauthorized

19  use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar

20  reproductions, counterfeits, copies, or colorable imitations thereof, on or in

21  connection with their sale, offering for sale, distribution, or advertising of their

22  accounting and bookkeeping services; payroll administration; financial reporting,

23  forecasting, budgeting and analysis; tax services; strategic planning; and business

24  management services is likely to cause confusion, or to cause mistake, or to deceive

25  consumers and the relevant public into falsely believing that Plaintiff and its goods

26  and/or services are affiliated, connected, or associated with Defendants, their goods

27  and/or services, and/or their unlicensed, unconsented to, and otherwise unauthorized

28  use of the GROUND CONTROL™ Mark.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

SECOND AMENDED COMPLAINT

51.     Defendants' use of GROUND CONTROL and variations thereof as described herein is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, and/or or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendants.

52.     Defendants have thus committed and are continuing to commit acts of trademark infringement, unfair competition and/or false designation of origin in interstate commerce in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

53.     Defendants' acts of trademark infringement, unfair competition and/or false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and established GROUND CONTROL™ Mark, unless enjoined and restrained by this Court. Specifically, Plaintiff, upon information and belief, has been damaged by forward confusion, and/or reverse confusion, and/or initial interest confusion.

54.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's GROUND CONTROL™ Mark and/or any confusingly similar variations thereof.

55.     Defendants' trademark infringement, unfair competition and/or false designation of origin are and were knowing and willful, and Plaintiff is entitled to recover damages, including treble damages and reasonable attorneys' fees.

56.     As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT II

### (Common Law Trademark Infringement under California Law)

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

57.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-56.

58.     Plaintiff is the exclusive owner of all right, title, and interest in and to the GROUND CONTROL™ Mark in connection with, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

59.     Plaintiff is the indisputable senior user of the GROUND CONTROL™ Mark and used the GROUND CONTROL™ Mark and/or variations thereof in intrastate commerce since at least as early as 2017, and in U.S. commerce since at least as early as 2020, long prior to any use of GROUND CONTROL by Defendants.

60.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with their sale, offering for sale, distribution, or advertising of their accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services is likely to cause confusion, or to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendants are affiliated, connected, or associated with Plaintiff and/or the GROUND CONTROL™ Mark.

61.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with their sale, offering for sale, distribution, or advertising of their

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services is likely to cause confusion, or to cause mistake, or to deceive consumers and the relevant public into falsely believing that Plaintiff and its goods and/or services are affiliated, connected, or associated with Defendants, their goods and/or services, and/or their unlicensed, unconsented to, and otherwise unauthorized use of the GROUND CONTROL^TM Mark.

62.　　Defendants' use of GROUND CONTROL and/or GROUND CONTROL BUSINESS MANAGEMENT as described herein is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, and/or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendants.

63.　　Defendants have thus committed and are continuing to commit acts of trademark infringement in violation of, *inter alia*, California common law.

64.　　Defendants' acts of infringement have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with Plaintiff's distinctive and established GROUND CONTROL^TM Mark, unless enjoined and restrained by this Court. Specifically, Plaintiff, upon information and belief, has been damaged by forward confusion, and/or reverse confusion, and/or initial interest confusion.

65.　　Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's GROUND CONTROL^TM Mark and/or any confusingly similar variations thereof.

66.　　As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

## COUNT III

### (Unfair Competition under Cal. Bus. & Prof. Code §17200 *et seq.*)

67.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1-66.

68.     Plaintiff is the exclusive owner of all right, title, and interest in and to the GROUND CONTROL™ Mark in connection with, *inter alia*, accounting and bookkeeping services; payroll, accounts payable and accounts receivable administration; financial reporting, modeling, budgeting and analysis; tax services; strategic planning and business advisory services; business process improvement and systems development; and various publications and educational resources related to the foregoing.

69.     Plaintiff is the indisputable senior user of the GROUND CONTROL™ Mark and used the GROUND CONTROL™ Mark and/or variations thereof in commerce since at least as early as 2020, long prior to any use of GROUND CONTROL by Defendants.

70.     Plaintiff has continuously used its GROUND CONTROL™ Mark since at least as early as 2017.

71.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with their sale, offering for sale, distribution, or advertising of their accounting and bookkeeping services; payroll administration; financial reporting, forecasting, budgeting and analysis; tax services; strategic planning; and business management services is likely to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendants are affiliated, connected, or associated with Plaintiff and/or the GROUND CONTROL™ Mark.

72.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

1  reproductions, counterfeits, copies, or colorable imitations thereof, on or in

2  connection with their sale, offering for sale, distribution, or advertising of their

3  accounting and bookkeeping services; payroll administration; financial reporting,

4  forecasting, budgeting and analysis; tax services; strategic planning; and business

5  management services is likely to cause confusion, or to cause mistake, or to deceive

6  consumers and the relevant public into falsely believing that Plaintiff and its goods

7  and/or services are affiliated, connected, or associated with Defendants, their goods

8  and/or services, and/or their unlicensed, unconsented to, and otherwise unauthorized

9  use of the GROUND CONTROL$^{TM}$ Mark.

10       73.    The acts of Defendants as described above constitute unfair

11  competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

12       74.    Defendants' acts of unfair competition have caused and will continue to

13  cause Plaintiff to suffer injury in fact, to lose money or property, and to suffer

14  irreparable harm, and such acts are likely to continue unabated, thereby causing

15  further injury, loss, and irreparable harm to Plaintiff and to the valuable goodwill

16  symbolized by and associated with Plaintiff's distinctive and established GROUND

17  CONTROL$^{TM}$ Mark, unless enjoined and restrained by this Court. Specifically,

18  Plaintiff, upon information and belief, has been damaged by forward confusion,

19  and/or reverse confusion, and/or initial interest confusion.

20       75.    Plaintiff has no adequate remedy at law and will suffer irreparable

21  injury if Defendants are allowed to continue to wrongfully use Plaintiff's GROUND

22  CONTROL$^{TM}$ Mark and/or any confusingly similar variations thereof.

23                    **PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiff, A LONG STORY SHORT, LLC, respectfully

25  requests that this Court enter judgment against Defendants NFP CORP., GROUND

26  CONTROL BUSINESS MANAGEMENT; and DOES 1-10, inclusive, as follows:

27       A.    That this Court enter a judgment finding that Defendants have infringed

28  Plaintiff's GROUND CONTROL$^{TM}$ Mark;

B.      That this Court enter a judgment finding that Defendants have willfully infringed Plaintiff's GROUND CONTROL™ Mark;

C.      That this Court enter a judgment finding that Defendants have committed unfair competition by willfully using Plaintiff's GROUND CONTROL™ Mark and/or confusingly similar variations thereof;

D.      That this Court preliminarily and permanently enjoin Defendants and their respective officers, directors, agents, servants, employees, and any and all persons in concert or privity with any of them, from using GROUND CONTROL and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, color, or colorable imitation of such marks, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, distribution, or sale of Defendants' goods or services; from otherwise infringing Plaintiff's GROUND CONTROL™ Mark; and from otherwise competing unfairly with Plaintiff;

E.      That this Court order Defendants to destroy and/or obliterate any and all signs, brochures, advertisements, stationery, leaflets, labels, and other items in their possession, custody, or control, upon which appear or reflect the GROUND CONTROL name or mark, and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's GROUND CONTROL™ Mark;

F.      That this Court order Defendants to pay to Plaintiff such damages as Plaintiff has actually sustained:

a.      in consequence of Defendants' infringement of and upon Plaintiff's GROUND CONTROL™ Mark;

b.      in consequence of Defendants' false designation of origin;

c.      in consequence of Defendants' actions of unfair competition;

G.      That this Court order Defendants to account for and pay to Plaintiff all profits realized by Defendants from their infringement of or upon Plaintiff's

GROUND CONTROL™ Mark, their false designation of origin, and their acts of unfair competition;

H.    That this Court order Defendants to cease further infringing the GROUND CONTROL™ Mark and damaging Plaintiff's goodwill;

I.    That this Court find that the circumstances and actions of Defendants' conduct were willful and sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times the amount found as actual damages;

J.    That this Court order Defendants to pay Plaintiff its costs and expenses incurred in and related to this action;

K.    That this Court order Defendants to pay Plaintiff's attorneys' fees;

L.    That this Court order Defendants to pay Plaintiff's prejudgment interest;

M.    That this Court award Plaintiff exemplary and punitive damages under California law for Defendants' willful, intentional, and/or tortious acts; and

N.    That this Court award such other and further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all issues in this action so triable by right pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:  February 28, 2024          **BRYAN CAVE LEIGHTON PAISNER LLP**


By: _/s/ Keith Klein_____

Keith Klein
Attorneys for Plaintiff
A Long Story Short, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

# EXHIBIT A



Trevor A. Caudle, Esq.
415.859.9626 (t)
trevor@trevorcaudlelaw.com

**SETTLEMENT COMMUNICATION**

May 25, 2023

**_Via Certified and First-Class Mail_**
Mr. Chris Bucci
Ground Control Business Management
Century Plaza Towers
2049 Century Park E Ste. 1400
Los Angeles, California 90067

NFP Corp.
C/O Mr. Edward C. Meagher
Carter, Deluca & Farrell LLP
576 Broad Hollow Rd.
Melville, New York 11747

Re:    Opposition of "GROUND CONTROL" Word Mark
       U.S. Trademark Appl. Ser. No.  97/351,527

Mr. Bucci,

I represent A Long Story Short, LLC dba GROUND CONTROL ("Ground Control") in the protection of its intellectual property assets, including its "GROUND CONTROL" trademark (the "GROUND CONTROL Mark"). I am writing to you in your capacity as the CEO of Ground Control Business Management, a subsidiary of NFP Corp., and have included Mr. Meagher because he is identified as the attorney of record for NFP Corp. in the above captioned U.S. Trademark application to register "GROUND CONTROL" (the "NFP Mark") with the United States Patent and Trademark Office ("USPTO").

Ground Control has asked us to contact you because it has recently learned Savitsky, Satin, Bacon & Bucci ("SSBB") has recently rebranded to Ground Control Business Management. As a result, we are hopeful our contacting you may prevent any further investment of time, money, or effort into the development of the NFP Mark because it is infringing upon our client's trademark rights.

Since 2017, Ground Control has offered various financial services, including accounting, bookkeeping, business consulting and strategy development, tax preparation, etc., from its headquarters in West Hollywood, California. Considerable time and resources have gone into developing, marketing, and promoting the business since its launch. As a result, it has developed and enjoys extensive goodwill in the GROUND CONTROL trademark used in connection with these services and has an obligation

350 Bay Street, #100-363    ◆    San Francisco, California 94133    ◆    www.trevorcaudlelaw.com

May 25, 2023
Page 2 of 2

to protect its valuable assets. In addition, it has recently applied to register its GROUND CONTROL mark with the USPTO (Appl. Ser. No. 98/002,803) which is currently pending.

It has come to our attention that, as a part of the SSBB rebranding efforts, you have an application before the USPTO to register the NFP Mark in classes 35 & 36 for several services that overlap and conflict with those offered under our client's GROUND CONTROL Mark. In addition, it appears you have publicly launched under the rebranded name and are currently offering financial services in connection with it in and around the Los Angeles, California market. This has caused actual confusion in the marketplace. This development is especially unfortunate because, as mentioned above, Ground Control has been offering identical services in and around the Los Angeles / West Hollywood market since 2017, and even a cursory trademark clearance search would have uncovered its prior use.

Accordingly, Ground Control requests that you immediately file an express abandonment of the NFP Mark application with the USPTO and cease and desist from any further registration and use of the NFP Mark.

If we do not receive a written response by June 9, 2023, confirming the abandonment of the application for the NFP Mark and your intent to cease all use of the infringing NFP Mark, we will have no choice but to proceed with all available legal remedies afforded by law and in equity, including but not limited to filing an Opposition to the registration of the NFP Mark with the Trademark Trial and Appeal Board, possible civil action and costs associated therewith pursuant to 15 U.S.C. § 1051 et seq., and any and all other remedies under the Lanham Act and state law.

All of Ground Control's rights and/or remedies are hereby expressly reserved, and nothing in this letter should be considered a waiver of the same. We hope to hear from you soon.

Regards,

*Daniel Griffith*

Daniel L. Griffith, Esq.

.